WINSTON & CASHATT, LAWYERS
KAMMI MENCKE SMITH, ISB No. 7834
SCOTT A. GINGRAS, ISB No. 7808
250 Northwest Boulevard, Suite 206
Coeur d'Alene, Idaho  83814
Telephone: (208) 667-2103
Facsimile:  (208) 765-2121
kms@winstoncashatt.com
sag@winstoncashatt.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN WOLTHERS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BILL'S HEATING AIR APPLIANCE REPAIR, LLC, an Idaho Limited Liability Company,<br><br>Defendant. | No.  2:20-cv-504<br><br>**FAIR LABOR STANDARDS ACT (FLSA) VERIFIED COLLECTIVE CLASS ACTION COMPLAINT** |

Plaintiff Sean Wolthers, on behalf of himself and all others similarly situated, and by and through his attorneys of record Kammi Mencke Smith and Scott A. Gingras of the law firm Winston & Cashatt, Lawyers, alleges as follows:

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## I. PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff Sean Wolthers (hereinafter "Plaintiff Wolthers" and/or "Mr. Wolthers") is an adult male who at all times relevant hereto resided in of Kootenai County, Idaho. At times relevant hereto Plaintiff Wolthers was an employee of employer Defendant Bill's Heating Air Appliance Repair, LLC.

1.2     Plaintiff Wolthers brings this Fair Labor Standards Act (FLSA) collective class action on behalf of himself and all others similarly situated who are current and former non-exempt employees of Defendant Bill's Heating Air Appliance Repair, LLC, pursuant to 29 U.S.C.A. §§ 207 and 216(b).

1.3     Defendant Bill's Heating Air Appliance Repair, LLC (hereinafter "Defendant" and/or "Bill's Heating"), is an Idaho Limited Liability Company organized under the laws of the State of Idaho, conducting and transacting business in Idaho and Washington. Defendant Bill's Heating's principal office is located at 1007 N. Boulder Ct., Post Falls, Idaho 83854, in Kootenai County. Defendant Bill's Heating can be served by process to its Registered Agent Mr. Nathan Norman, at 1007 N. Boulder Ct., Post Falls, Idaho 83854. Defendant Bill's Heating's Managers and Members are Matthew M. Sullivan and Nathaniel W. Norman. Defendant Bill's Heating is an employer, who employs and pays employees' wages and compensation, in the State of Idaho. At all relevant times, Defendant Bill's Heating regularly engaged in interstate commerce and was and is an employer within the meaning of the FLSA, and at all material times, Defendant Bill's Heating has been and is an enterprise within the meaning of the FLSA.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1.4    Jurisdiction is proper pursuant to section 16(b) of the Act (29 U.S.C.A. § 216(b)), and by the provisions of 28 U.S.C.A. § 1331.  This Court has personal jurisdiction over the Defendant.  Venue is proper as the parties reside in, and engage in business primarily in, the State of Idaho, including but not limited to Kootenai County, Idaho.  Venue is also proper in this federal judicial district pursuant to 28. U.S.C.A. § 1391 (a) and (c).

1.5    Plaintiffs have met all conditions precedent to filing this Complaint.

1.6    The Defendant has been properly served with the Summons and the Complaint. There is no insufficiency of service of process, and the process is sufficient.

## II. FACTS

2.1    Plaintiffs re-allege and incorporate paragraphs 1.1 through 1.6 as if fully set forth herein.

2.2    At all times mentioned in this Complaint, Defendant Bill's Heating was and is an employer engaged in the business of selling, servicing, repairing, fixing, and installing heating, ventilation, and air conditioning (the HVAC business) in the Coeur d' Alene, Idaho, and Spokane, Washington area. Defendant's HVAC business includes selling, servicing, repairing, fixing, and installing new and used equipment for heating, cooling, water heaters, indoor air quality, and fireplaces.

2.3    From at least 2014 to the present time, or during portions of that period, Defendant Bill's Heating employed non-exempt employees, including Plaintiff Wolthers and others similarly situated, in various occupations in connection with the HVAC business of

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Defendant employer, including but not limited to employing individuals in sales and service, and as technicians, installers, estimators, plumbers, and laborers.

2.4   Plaintiff Wolthers, and others similarly situated, were and are non-exempt employees engaged in performing HVAC work services including, but not limited to selling, sales, ordering, estimating, unloading, receiving, installing, processing, plumbing, handling, and/or servicing HVAC materials, goods and/or equipment purchased and/or sold by Defendant Bill's Heating, or in closely related processes or occupations directly essential to such.

2.5   Plaintiff Wolthers is a former non-exempt employee of Defendant Bill's Heating. Plaintiff Wolthers began working for Defendant Bill's Heating in or about December 2016. Plaintiff Wolthers' employment with Defendant Bill's Heating ended in or about October 2019.

2.6   During Plaintiff Wolthers' employment with Bill's Heating, Plaintiff Wolthers was employed as a Service Technician/Sales Representative. Plaintiff Wolthers' primary duties and responsibilities in his employment with Defendant Bill's Heating as a Service Technician/Sales Representative included, but were not limited to diagnosing heating and air conditioning equipment failures, completing HVAC jobs, providing estimates, and making sales calls.

2.7   Plaintiff Wolthers' primary work schedule for Defendant Bill's Heating was Monday through Friday, beginning at approximately 7:30 a.m. each day, and ending at various times; Plaintiff Wolthers generally worked 10-12 hours per day, and sometimes more than 12 hours on individual days. In addition, every four (4) weeks Plaintiff Wolthers was on-call for

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Defendant Bill's Heating. During these on-call periods, Plaintiff Wolthers primary work schedule was Monday through Sunday, beginning at approximately 7:30 a.m. each day, and ending at various times; during these periods Plaintiff Wolthers would generally work 10-12 hours per day, and at times, work greater than 16 hours in a work day.

2.8   During Plaintiff Wolthers' employment with Defendant Bill's Heating, Plaintiff Wolthers was compensated at the hourly rate of $22.50 plus 6% commission.

2.9   While working for Defendant Bill's Heating, Plaintiff Wolthers was regularly required to perform compensable work during unpaid "meal periods."

2.10   Plaintiff Wolthers consents to be a party to this collective class action pursuant to 29 U.S.C.A. § 216(b).

2.11   During Plaintiff Wolthers' employment with Defendant Bill's Heating, Plaintiff Wolthers was at times able to visually observe other non-exempt employees in the performance of their HVAC work service duties, responsibilities, assignments, jobs, tasks, schedules, and hours worked for Defendant Bill's Heating, including but not limited to during purported meal periods and/or lunch breaks.

2.12   During and after Plaintiffs Wolthers' employment, Plaintiff Wolthers has communicated with current and former employees of Defendant Bill's Heating regarding their HVAC work service duties, responsibilities, assignments, jobs, tasks, schedules, and hours worked for Defendant Bill's Heating, including but not limited to purported meal periods and/or lunch breaks that were not received while working for Defendant Bill's Heating, and the corresponding failure to be paid for all hours worked, including overtime.

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 5

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

2.13    Plaintiff Wolthers has knowledge and is familiar with other current and former employees of Defendant Bill's Heating that were and/or are similarly situated to himself regarding their HVAC work service duties, responsibilities, and hours worked for Defendant Bill's Heating, including but not limited to purported meal periods and/or lunch breaks that were not received while working for Defendant Bill's Heating, and the corresponding failure to be paid for all hours worked including overtime by Defendant Bill's Heating.

2.14    In its HVAC business, and employ of its employees, including Plaintiff Wolthers and others similarly situated, Defendant Bill's Heating had and continues to have a standard and/or uniform policy, practice and/or procedure to automatically deduct from all of its non-exempt employees' work time and/or pay records thirty (30) minutes (1/2 hour) of time on any day the employee works at least a six (6) hour period.

2.15    Defendant Bill's Heating's standard policy, practice and/or procedure of the automatic deduction of the thirty (30) minutes from its employees' pay was and/or is for a purported uncompensated "lunch break" and/or "meal period" for the employees, for each six (6) hour work period of the employees.

2.16    The automatic thirty (30) minute wage and hour pay deduction taken by Defendant Bill's Heating from its employees pay occurred and continues to occur regardless of whether the employees worked the entire six (6) hour period, and even when the employees did not receive bona fide meal period.

2.17    Defendant Bill's Heating's standard thirty (30) minute automatic wage and hour pay deduction policy, practice, and/or procedure affected Plaintiff Wolthers during his employ

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

with Defendant Bill's Heating, and other similarly situated employees of Defendant Bill's Heating.

2.18   Plaintiff Wolthers, and all others similarly situated employees of Defendant Bill's Heating, regularly and routinely worked through the entire six (6) or more hours of scheduled shift work without breaks, for the benefit of Defendant Bill's Heating, and did not get the thirty (30) minutes of uninterrupted lunch break and/or bona fide meal periods despite not being compensated for the automatically deducted thirty (30) minutes of time, in violation of the FLSA.

2.19   Plaintiff Wolthers, and all others similarly situated, regularly and routinely received from the Defendant employer mandated job duties, responsibilities, schedules, and/or tasks assigned to them by Defendant Bill's Heating, which required Plaintiff Wolthers and all others similarly situated to work consistently on a daily basis without the automatically deducted thirty (30) minute lunch breaks and/or bona fide meal periods, including but not limited to taking multiple HVAC client calls, adding calls onto the employees' HVAC schedule for the day, and requiring employees to complete their assigned HVAC jobs during the promised time schedule as set forth by Bill's Heating irrespective of a statutorily required thirty (30) minute lunch break and/or meal period.

2.20   Plaintiff Wolthers' and all other similarly situated employees' hours worked included time they were on duty or at their place of performing HVAC work services for Defendant Bill's Heating, including waiting time and periods of inactivity controlled by Defendant Bill's Heating.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

2.21   Plaintiff Wolthers, and all others similarly situated, did not receive bona fide meal periods during the employ of Defendant Bill's Heating.  Plaintiff Wolthers, and other similarly situated employees, were not completely relieved from work duty for the purposes of eating for thirty (30) minutes during the six (6) or more hours of work for Defendant Bill's Heating.  Further, even if Plaintiff Wolthers, and other similarly situated employees, did eat during the six (6) hour period of work, they were not fully and/or completely relieved from work as they were still required to perform duties, responsibilities, tasks, assignments, or jobs for the benefit of Bill's Heating, whether active or inactive, while eating.

2.22   Despite Plaintiff Wolthers, and all other similarly situated employees, regularly and routinely working without a thirty (30) minute lunch break and/or lunch period, Defendant Bill's Heating would still automatically deduct from Plaintiff Wolthers and all other similarly situated employees thirty (30) minutes of worked hours and thereby pay; as a result, Plaintiff Wolthers, and other similarly situated employees, were not paid for all hours worked for Defendant Bill's Heating, and Defendant Bill's Heating benefited from the uncompensated purported lunch breaks and/or meal periods that were not legitimate, to the detriment of Plaintiff Wolthers and all others similarly situated, by receiving thirty (30) minutes of unpaid work hours from employees, in violation of the FLSA.

2.23   Plaintiff Wolthers, and other similarly situated employees, put Defendant Bill's Heating on notice of the lack of bona fide meal periods, and the corresponding improper hour and wage pay deductions for the purported lunch breaks and/or lunch periods that are not received, and the lack of payment for all hours worked; however, Defendant Bill's Heating

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

continues to automatically deduct thirty (30) minutes of work and pay from employees after six (6) hours of work knowing that employees are providing work services during the time that was deducted from pay, in violation of the FLSA.

2.24   Defendant Bill's Heating has had, and continues to have, actual or constructive knowledge that its employees, including Plaintiff Wolthers and others similarly situated, are unable to take bona fide meal periods because of the work load, job duties, requirements, responsibilities, policies, and schedules provided and/or required by Defendant Bill's Heating. Defendant Bill's Heating has had, and continues to have, actual or constructive knowledge that its employees, including Plaintiff Wolthers and others similarly situated, performed unpaid work, including but not limited to unpaid overtime work.  Despite this knowledge, Defendant Bill's Heating has refused, and continues to refuse, to pay Plaintiffs for all hours worked including unpaid overtime, in violation of the FLSA.

2.25   Defendant Bill's Heating has failed to keep and/or maintain accurate records of Plaintiff Wolthers' and other similarly situated employees' wages, hours, and other items, as specified by the FLSA.

### III. THE COLLECTIVE CLASS

3.1   Plaintiffs re-allege and incorporate paragraphs 1.1 through 2.25 as if fully set forth herein.

3.2   Plaintiff Wolthers brings this Fair Labor Standards Act (FLSA) collective class action on behalf of himself and all others similarly situated who are current and former non-exempt HVAC employees of Defendant Bill's Heating, who had thirty (30) minutes of work

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

deducted from their pay by Defendant Bill's Heating for each six (6) hour work period despite not receiving bona fide meal periods, and were thereby not paid for all hours worked for Defendant Bill's Heating, including but not limited to failure to pay for straight time worked, and failure to pay for overtime hours of at least one and one-half times the regular rate of pay for any hours worked in excess of forty (40) in a week.

    3.3    On information and belief, Plaintiff Wolthers and all others similarly situated believe that the definition of the collective class may be further refined following discovery of Defendant Bill's Heating's books and records.

    3.4    There are questions of law and fact common to Plaintiff Wolthers and other similarly situated current and former non-exempt employees of Defendant Bill's Heating, which predominate over any questions affecting individual members only. These factual and legal questions include, but are not limited to, the following:

        3.4.1    Defendant Bill's Heating unlawfully failed to compensate Plaintiff Wolthers and continues to fail to compensate all others similarly situated for all hours worked, including but not limited to their purported lunch breaks/periods that did not exist in violation of the FLSA, 29 U.S.C.A. §§ 201 et seq.;

        3.4.2    Defendant Bill's Heating unlawfully failed to pay Plaintiff Wolthers and continues to fail to pay all others similarly situated for all overtime compensation owed in violation of the FLSA, 29 U.S.C.A. §§ 201 et seq.;

        3.4.3    Defendant Bill's Heating's failure to pay Plaintiff Wolthers and all others similarly situated all wages for all hours worked, including but not limited to

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

purported lunch breaks/periods that did not exist, and overtime, was willful within the meaning of the FLSA;

    3.4.4    Defendant Bill's Heating failed and continues to fail to maintain accurate records of actual time worked by Plaintiff Wolthers and all others similarly situated;

    3.4.5    Defendant Bill's Heating failed and continues to fail to record or report all actual time worked by Plaintiff Wolthers and all others similarly situated;

    3.4.6    Defendant Bill's Heating failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiff Wolthers and all others similarly situated;

    3.4.7    Plaintiff Wolthers and all others similarly situated are entitled to back pay from Defendant Bill's Heating;

    3.4.8    Plaintiff Wolthers and all others similarly situated are entitled to compensatory and liquidated damages from Defendant Bill's Heating;

    3.4.9 Defendant Bill's Heating is liable to Plaintiff Wolthers and all others similarly situated for prejudgment interest; and

    3.4.10 Defendant Bill's Heating is liable for Plaintiff Wolthers and all others similarly situated attorneys' fees and costs.

3.5    Plaintiff Wolthers' claims are typical of the claims of the collective class in that they and all others similarly situated were not paid for all of their time spent working during their purported lunch breaks/periods not received. This is the predominant issue, which pertains to the claims of Plaintiff Wolthers and all others similarly situated.

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 11

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

3.6  The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

3.7  Plaintiff Wolthers will fairly and adequately protect the interests of the collective class because his interests are in complete alignment with all others similarly situated, i.e., to prove and then eradicate Defendant's policy of not compensating its employees for all hours worked, including but not limited to hours worked during purported lunch breaks/periods not received.

3.8  Counsel for Plaintiff Wolthers and the collective class will adequately protect the interests of Plaintiff Wolthers and others similarly situated and is experienced with class and collective litigation and has previously served as class counsel in FLSA and other similar wage and hour class action litigation.

3.9  Plaintiff Wolthers and the class he represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice, and custom regarding Defendant's work and related pay practices.

3.10  Defendant Bill's Heating has engaged in a continuing violation of the FLSA.

3.11  Plaintiff Wolthers and all others similarly situated were denied wage compensation, including but not limited to overtime compensation, as a result of Defendant Bill's Heating's pay policies, practices, and procedures. This violation was intended by Defendant Bill's Heating, and was willfully done.

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 12

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

3.12   Defendant Bill's Heating's action in denying to pay all compensation and all overtime compensation owed for hours worked to Plaintiff Wolthers and all others similarly situated was intentional and constitutes a willful violation of the FLSA.

## IV.  FIRST CAUSE OF ACTION:
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT 29 U.S.C.A. §§ 201 et seq.
### (Compensation Due for Failure to Provide Bona Fide Meal Period)

4.1   Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

4.2   At all relevant times, Defendant Bill's Heating has been an employer engaged in interstate commerce consistent with 29 U.S.C.A. § 206(a) and 29 U.S.C.A. § 207(a). At all relevant times, Plaintiff and those similarly situated are current and former employees of Defendant Bill's Heating as defined by the FLSA. At all relevant times, Defendant Bill's Heating has had annual gross revenues in excess of $500,000.

4.3   Under the FLSA, as interpreted by 29 C.F.R. § 785.19, "bona fide meal periods" are not work time.

4.4   Bona fide meal periods are "rest periods" when employees "must be completely relieved from duty for the purposes of eating regular meals." The regulations, 29 C.F.R. § 785.19, provide that "ordinarily 30 minutes or more is long enough for a bona fide meal period."

4.5   The FLSA requires, in 29 U.S.C.A. § 207(a)(1), that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 13

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

4.6     Plaintiff Wolthers and the putative collective class are covered employees entitled to FLSA's protections.

4.7     Plaintiff Wolthers and the putative collective class are not exempt from receiving FLSA overtime benefits under 29 U.S.C.A. § 213(a)(1) because they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA as per 29 C.F.R. §§ 541.0 et seq.

4.8     As a consequence of Defendant Bill's Heating's employment practices whereby it automatically deducts 30 minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff Wolthers and the putative collective class were denied statutory overtime wages.

4.9     Defendant has failed to pay appropriate overtime wages under the FLSA.

4.10    Because the unpaid breaks provided to Plaintiffs are not bona fide meal periods, and, therefore, considered work time under the FLSA, Plaintiffs are entitled to be compensated for such time.

4.11    In violating the FLSA with respect to not providing Plaintiffs with a bona fide meal period, Defendant Bill's Heating acted willfully and with reckless disregard of clearly applicable FLSA provisions.

4.12    Pursuant to the FLSA, specifically 29 U.S.C.A. § 216(b), Defendant Bill's Heating, because it failed to provide a bona fide meal period, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Liquidated damages must be awarded because the

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

employer's actions were not in good faith, and because the employer did not have reasonable grounds for believing that nonpayment for work performed during the purported lunch was not a violation of the FLSA.

4.13  Pursuant to the FLSA, 29 U.S.C.A. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## V. SECOND CAUSE OF ACTION:
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT 29 U.S.C.A. §§ 201 et seq.
## (Failure to Pay Wages for All Hours Worked Including Overtime Hours, and Failure to Maintain Accurate Wage and Hour Pay Records)

5.1  Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

5.2  Pursuant to 29 U.S.C.A. 216(b), the named Plaintiff Wolthers, by and through his signature on this Complaint, has consented in writing to be party plaintiff in this FLSA action.

5.3  At all times relevant to this action, Defendant Bill's Heating "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the FLSA.

5.4  The FLSA requires an employer to pay non-exempt employees for all hours worked.

5.5  Defendant Bill's Heating violated the FLSA by failing to pay Plaintiffs for all hours worked for Defendant Bill's Heating.

5.5  The FLSA requires an employer to pay non-exempt employees the federally mandated overtime wage rate of 1½ times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

5.6     Defendant Bill's Heating violated the FLSA by failing to pay each of the Plaintiffs their overtime wage rate for all hours worked in excess of 40 hours per workweek, which Plaintiffs did work.

5.7     Plaintiffs are each victims of a uniform and company-wide compensation policy that operates to deny them compensation for all hours worked, and deny them compensation from receiving overtime compensation for all hours worked in excess of 40 hours per workweek. This uniform policy, in violation of the FLSA, has been and continues to be applied to all individuals who have worked or are working as non-exempt HVAC employees of Defendant Bill's Heating.

5.8     An employer subject to the FLSA is also required to maintain accurate wage and hour pay records, including but not limited to records of all hours worked.

5.9     Defendant Bill's Heating violated the FLSA by failing to maintain and/or keep accurate wage and hour pay records of Plaintiffs, including but not limited to accurate records of all hours worked.

5.10    Each of the Defendant's violations of the FLSA was willful.

5.11    The FLSA provides that as a remedy for a violation of the Act, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fees, all in an amount to be proven at the time of trial.

## VI. **REQUEST FOR CERTIFICATION OF COLLECTIVE CLASS ACTION STATUS**

6.1     Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 16

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

6.2  Plaintiffs seek certification of this action as a collective class action representing the interests of all hourly non-exempt employees of Defendant Bill's Heating.

6.3  Upon information and belief, the putative collective class includes more than 100 current and former employees of Defendant Bill's Heating.

6.4  The claims of the Plaintiff Wolthers are typical of the claims of other hourly employees who had wrongful withholdings and/or automatic deduction from their wages, not paid for all hours worked, and who were thereby not paid all required overtime.

6.5  Plaintiff Wolthers will fairly and adequately protect the interests of the putative collective class by seeking a declaration as to proper sharing of common expenses.

6.6  The prosecution of separate individual actions by the current and former employees of Bills' Heating in this matter would create a risk of inconsistent or varying adjudications with respect to individual members of the putative collective class which would establish incompatible standards of conduct for the party opposing the collective class.

6.7  Moreover, the individual adjudication with respect to Plaintiff Wolthers would as a practical matter be dispositive of the interests of the other putative members not parties to the adjudications.

6.8  Defendant Bill's Heating has acted or refused to act on grounds applicable to all the putative class members, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the collective class as a whole.

6.9  This Court will find that the questions of law or fact common to the members of the putative collective class predominate over the question affecting only individual members

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

and that a collective class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.10   Plaintiffs are entitled to an order determining that this action may be maintained as a collective class action.

## VII.  PRAYER FOR RELIEF

Plaintiff Wolthers, on behalf of himself and all others similarly situated, respectfully requests that the following relief be granted:

7.1   Entry of an order that the collective class action may be certified and maintained;

7.2   Prompt notice, pursuant to 29. U.S.C.A. § 216(b), of this litigation to all potential members of the collective class;

7.3   A finding that Defendant has violated the FLSA, and that Defendant's violations of the FLSA are and/or were willful;

7.4   Judgment against Defendant in the amounts respectively due Plaintiff Wolthers and others similarly situated for wages due and owing, overtime compensation, minimum wages, and liquidated damages, and including interest, as the court may determine, all in an amount to be determined at the time of trial;

7.5   Award and/or allowance to Plaintiff Wolthers and all others similarly situated costs of this action under the provisions of the Fair Labor Standards Act, as amended;

7.6   Award and/or allowance to Plaintiff Wolthers and all others similarly situated reasonable attorneys' fees and costs for the prosecution of this action;

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

7.7 Award Plaintiff Wolthers compensation and/or fees for his role and/or services as representative; and

7.8 Such other and further relief as the court deems just and proper.

DATED this 29th day of October, 2020.

/s/ Kammi Mencke Smith
KAMMI MENCKE SMITH, ISB No. 7834
SCOTT A. GINGRAS, ISB No. 7808
WINSTON & CASHATT, LAWYERS
250 Northwest Boulevard, Suite 206
Coeur d' Alene, Idaho  83814
Telephone: (208) 667-2103
Facsimile: (208) 765-2121
kms@winstoncashatt.com
sag@winstoncashatt.com

VERIFIED COLLECTIVE CLASS ACTION COMPLAINT - Page 19

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## VERIFICATION

STATE OF         )
                 : ss.
County of        )

SEAN WOLTHERS, being first duly sworn, deposes and says:

That I am the named Plaintiff in the foregoing action; that I have read the foregoing Complaint, know the contents thereof, and believe the facts therein stated to be true and correct to the best of my knowledge and belief, and I hereby consent in writing to be party Plaintiff in this FLSA action.

DATED this 23rd day of October, 2020.

_Sean Wolthers_

SUBSCRIBED AND SWORN TO before me this 23rd day of October, 2020.

Notary Public in and for the State of FL, Residing at:
My Commission Expires



JUAN J DIAZ JR
Notary Public - State of Florida
Commission # HH 23737
My Comm. Expires Jul 26, 2024
Bonded through National Notary Assn.

VERIFIED COLLECTIVE CLASS ACTION
COMPLAINT - Page 20

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131