UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN WOLTHERS, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BILL'S HEATING AIR APPLIANCE REPAIR, LLC, an Idaho Limited Liability Company,<br><br>    Defendant. | Case No. 2:20-cv-00504-AKB<br><br>**ORDER GRANTING FINAL APPROVAL OF PROPOSED FLSA COLLECTIVE CLASS ACTION SETTLEMENT** |

This case is a wage-and-hour collective action suit brought by Plaintiff Sean Wolthers on behalf of himself and all others similarly situated against Defendant Bill's Heating Air Appliance Repair, LLC. Plaintiff alleges he and the putative class members were denied proper compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §§ 201, 207 and 216(b), *et seq*. This matter came before the Court for hearing on March 27, 2024, upon a joint motion seeking final approval of FLSA Collective Class Action Settlement and to dismiss this action with prejudice. As explained below, the Court grants the motion seeking approval of the settlement and dismisses the action with prejudice.

## BACKGROUND

On April 9, 2021, the Court conditionally certified the FLSA Collective Class, and the class was defined as:

> all current and former non-exempt employees of Defendant Bill's Heating, who had thirty (30) minutes of work deducted from their pay by Defendant Bill's Heating

> for each six (6) hour work period, despite not receiving bona fide meal periods, and were thereby not paid for all hours worked for Defendant Bill's Heating, including but not limited to failure to pay for straight time worked and for overtime hours of at least one and one-half times the regular rate of pay for any hours worked in excess of forty (40) hours in a week.

(Dkt. 23). The Court then issued a Court approved opt-in Notice to be sent out to all putative class members. Thirty-five (35) individuals, inclusive of the named individual Plaintiff Sean Wolthers, returned the signed Notice per the Order; as a result, the actual "class" consists of thirty-five (35) individuals.

On October 10, 2023, the parties jointly alerted the Court to a potential settlement between the Defendant and the class and filed a Joint Motion for Preliminary Approval of FLSA Collective Class Action Settlement and Approval of Settlement Notice. (Dkt. 54). The Court granted preliminary approval of the FLSA collective class action settlement on December 1, 2023. (Dkt. 57). Defendant sent the Notice of Potential Class Action Settlement to the thirty-five (35) class members in accordance with the Court's preliminary approval. (Dkt. 57-1).

Counsel for the parties have informed the Court they believe the Notice mailing successfully reached all class members, and counsel for the parties have no knowledge or information that notice was not given, provided and/or received by the class members. No written objections to the proposed settlement have been received to date by counsel for the parties from any class member. Further, no class member filed any objection to the settlement in writing or appeared at the hearing for final approval to object.

Based on an examination of the entire record, the pleadings on file, and the arguments of counsel, the Court finds that the settlement, including the settlement agreement and its terms, are fair, reasonable, and adequate. Additionally, based upon the report of counsel, the Court finds the Notice of Settlement was adequately sent and reached all class members.

**ORDER GRANTING FINAL APPROVAL OF PROPOSED FLSA COLLECTIVE CLASS ACTION SETTLEMENT - 2**

# ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. This Order incorporates by reference the definitions in the settlement agreement, and all terms defined therein shall have the same meaning in this Order.

2. Class counsel are authorized to act on behalf of class members with respect to all acts or consents required by, or which may be given pursuant to the settlement, and such other acts reasonably necessary to consummate the settlement.

3. No class member entered an appearance or appeared on his or her own; thus all class members will be represented by class counsel for this settlement purpose.

4. The Court hereby finally approves the definition and disposition of the settlement class and related matters provided for in the settlement agreement.

5. The Court hereby finally approves the settlement agreement, including the gross total Settlement Fund of $135,134.00, which is broken into three, separate payment categories: (i) payment to the thirty-five (35) class members in the gross amount of $40,134.00 (the payout fund); (ii) payment to the named plaintiff and class representative Sean Wolthers as an incentive award in the gross amount of $5,000.00 (the incentive award fund); and (iii) payment to Winston & Cashatt, Lawyers, as class counsel for their attorney fees and costs in the gross amount of $90,000.00 (the fee award fund) – broken down as $55,000.00 for fees, and $35,000.00 as reimbursement for costs incurred on behalf of the class.

6. The Settlement Fund payment shall be made as follows:

    a. The individual settlement checks for class members from the payout fund shall be mailed to class members by Defendant within five (5) business days from the date of this Order;

    b. The incentive award payment to named plaintiff Sean Wolthers shall be mailed to Sean Wolthers by Defendant within five (5) business days from the date of this Order; and

    c. The payment to Winston & Cashatt, Lawyers, for class fees and costs shall be mailed by Defendant to Winston & Cashatt within five (5) business days from the date of this Order.

7. For the reasons in the record, and stated at the hearing, the Court finds the settlement amount and the Settlement Fund payment is fair, adequate, and reasonable as to all class members, when balanced against the mutual risks and range of outcomes of further litigation of liability and damages issues in this action. It further appears that extensive and costly discovery, ongoing investigation, experts, and research has been conducted such that counsel for the parties are able to reasonably evaluate their respective positions at this time. It further appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution and defense of the action. It further appears that the settlement has been reached as the result of intensive, serious, and non-collusive arms-length negotiations through the use of a skilled neutral mediator.

8. To the extent that a balance ("residual") exists in the payout fund after payment of all valid claims of the settlement class members, the Defendant shall remit the payment to the Idaho Department of Labor as unclaimed funds.

9. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the settlement agreement.

The Court finds, finally, that the FLSA Collective Class Action Settlement and its terms are fair, reasonable, and adequate for the class; THEREFORE, the parties' Joint Motion for Final Approval of FLSA Collective Class Action Settlement is GRANTED. An appropriate final judgment dismissing the case with prejudice will follow.

DATED: March 27, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge

**ORDER GRANTING FINAL APPROVAL OF PROPOSED FLSA COLLECTIVE CLASS ACTION SETTLEMENT - 5**